UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
WILMINGTON TRUST, NATIONAL
ASSOCIATION, as Trustee for
the Registered Holders of Credit Suisse
First Boston Mortgage Securities Corp.,
Multifamily Mortgage Pass-Through
Certificates, Series 2019-SB61,

**MEMORANDUM AND ORDER**
Case No. 22-cv-2437 (FB) (CLK)

                Plaintiff,

    -against-

Lott Avenue Owner, LLC, Meyer
Lebovits, the City of New York
Environmental Control Board, New York
City Department of Finance, and John Doe
No. I through John Doe No. XXX,
inclusive, the last thirty names being
fictitious and unknown to Plaintiff, the
persons or parties intended being the
tenants, occupants, persons, or
corporations, if any, having or claiming an
interest in or lien upon the premises
described in the Complaint,

               Defendants.
------------------------------------------------x

*Appearances:*
For the Plaintiff:
MICHAEL R. WALKER
Gallagher, Walker, Bianco & Plastaras, LLP
98 Willis Avenue
Mineola, NY 11501

*For the Defendants:*
ADAM I. KLEINBERG
SAMANTHA VELEZ
Sokoloff Stern, LLP
179 Westbury Avenue
Carle Place, NY 11514

**BLOCK, Senior District Judge:**

In this mortgage-foreclosure action regarding a commercial property in Brooklyn, Plaintiff Wilmington Trust, National Association, as Trustee for the Registered Holders of Credit Suisse First Boston Mortgage Securities Corp., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB61 (the "Lender") moves for summary judgment against Lott Avenue Owner, LLC (the "Borrower") and Meyer Lebovits (the "Guarantor") and default judgment against non-appearing Defendants New York City Environmental Control Board ("ECB") and City of New York Department of Finance ("DOF") (collectively, "City Defendants"). The Lender also moves to dismiss the Borrower's counterclaim and for appointment of a referee to compute the amounts owed to it. For the following reasons, the Lender's motion is granted.

## I.      BACKGROUND

The following facts are taken from the pleadings, the parties' Rule 56.1 statements, and the supporting documentation. The facts are undisputed unless otherwise noted. The Court construes all evidence in the light most favorable to the nonmoving party, drawing all inferences and resolving all ambiguities in that party's favor. *See LaSalle Bank Nat. Ass'n v. Nomura Asset Cap. Corp.*, 424 F.3d 195, 205 (2d Cir. 2005).

2

The Borrower signed and delivered to Greystone Servicing Corporation, Inc. (the "Original Lender") the Note effective as of December 7, 2018, in the original principal amount of $4,830,000.00. The terms and conditions of the Loan are set forth in the Loan Agreement also effective as of December 7, 2018 (the "Loan Agreement"), executed by Borrower and Original Lender.[1] The Borrower's real property, a commercial property with a street address of 45-49 Lott Avenue, Brooklyn, NY, 11219, secured the debt. To further secure the amounts owed under the Note, the Guarantor signed the Guaranty on December 6, 2018, with an effective date of December 7, 2018, to guarantee the payment and performance of Borrower's obligations under the Note.[2]

There is a disputed issue of fact as to whether the Note was assigned to the Lender. The Lender states that the Note was assigned twice, the first one executed on December 7, 2018, from the Original Lender to the Federal Home Loan Mortgage Corporation ("First Assignment"), and the second executed on April 10, 2019, and effective as of April 22, 2019, to the Lender ("Second Assignment").

---

[1] Neither the Note nor the Loan Agreement appears to provide the date on which the documents were signed, but they each state that the documents are effective as of December 7, 2018.

[2] Unlike the Note and Loan Agreement, the Guaranty provides both the date of signature and the effective date.

The Borrower argues that there is a material issue of fact as to whether the Lender was assigned the Note and whether it is the Note's holder.

In any event, it is undisputed that the Borrower failed to make the monthly payments of principal and interest on the Loan, as required by the Note, beginning in January 2021, and continuing for every month thereafter. It is further undisputed that the Borrower's failure to make the monthly payments constitutes an "Event of Default" under the Note.

## II. DISCUSSION

### A. Summary Judgment Against the Borrower and Guarantor

"In a foreclosure action under New York law, a plaintiff establishes its prima facie entitlement to summary judgment by producing evidence of the mortgage, the unpaid note, and the defendant's default." *Gustavia Home, LLC v. Rutty*, 720 F. App'x 27, 28 (2d Cir. 2017). The burden then shifts to the defendant to demonstrate the existence of a triable issue of fact as to a bona fide defense to the action." *CIT Bank N.A. v. Donovan*, 856 F. App'x 335, 336-37 (2d Cir. 2021). The Lender has produced evidence of the mortgage and Note, and the Borrower admits that it remains in default. The Borrower raises two affirmative defenses.

### *1. The Lender's Standing*

As to the disputed issues of fact, the Court holds that the Lender has

provided more than sufficient evidence demonstrating that it is both the Note's holder and assignee, either of which confers standing. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (either a holder or assignee of the Note at the time the action is commenced has standing to bring a mortgage foreclosure action). The Borrower primarily challenges the admissibility of the Lender's evidence, but these arguments are meritless for the following reasons.

First, the Lender establishes standing by providing proof of physical possession of the underlying Note with the allonges firmly affixed to the Note[3] and necessary indorsements, as well as the Mortgage. *See 1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 464 (2d Cir. 2020) (plaintiff establishes it is holder of the note by attaching to its Complaint the note and an allonge endorsing it as payee); *Melina*, 827 F.3d at 223.

Second, the Kjoelen Declaration sufficiently authenticates the documents, as the Declaration was made based on Kjoelen's personal knowledge of facts, and the documents were made and kept in the ordinary course of business.[4] *See Wells*

---

[3] An allonge is an additional sheet of paper that contains indorsements of the Note. As required, the allonges here are "firmly affixed" to the Note because the first allonge is physically attached to the Note and the second specifically refers to the Note. *See Courchevel 1850 LLC v. Alam*, 464 F. Supp. 3d 475, 480-81 (E.D.N.Y. 2020).

[4] The Borrower protests that the Lender has not established that KeyBank is its special servicer, but Magistrate Judge Pollak has already relied on a KeyBank

*Fargo Bank, Nat'l Ass'n v. Prince 26*, LLC, No. 22-CIV-5586 (PAE) (OTW), 2023 WL 5152420, at *6 (S.D.N.Y. Aug. 10, 2023) (declaration on behalf of special servicer provides foundation for loan documents' admissibility); *Wells Fargo Bank Nat'l Ass'n v. 366 Realty LLC*, No. 17-CV-3570 (SJ) (RER), 2021 WL 9494173, at *2 (E.D.N.Y. Mar. 16, 2021) (declaration by asset manager of its loan servicer stating that plaintiff is note holder and written assignment establishes standing).

Third, the Lender has submitted the two written assignments of the underlying note, *see HSBC Bank USA, N.A. v. Sene*, 197 N.Y.S.3d 525, 527 (2d Dep't 2023) (written assignments establish standing), which are self-authenticating documents under Rule 902(1) because they are attached to the recorded filing made with the DOF. *See Wilmington Tr., Nat'l Ass'n v. 31 Prince St.*, LLC, No. 22 Civ. 5855 (JGK), 2023 WL 3647397 (S.D.N.Y. May 25, 2023).

Relying on *Sene*, the Borrower argues that the Lender fails to establish standing because it did not submit the mortgage loan schedule to the pooling and serving agreement ("PSA"). However, because the Lender has submitted multiple other forms of evidence not present in *Sene*, including the written assignment of

---

declaration in appointing a receiver, *see* ECF 32 — which the Borrower contested — and the Borrower has admitted to receiving the default, which stated that KeyBank was the Lender's special servicer.

6

the mortgage and the Note itself, it has established standing. 197 N.Y.S.3d at 527. As Magistrate Judge Pollak explained in denying the Borrower's request to compel production of the PSA, "the PSA is not necessary to a determination of standing." ECF 32.[5] The Borrower's remaining arguments as to standing are without merit.

### 2. *Notice of Default*

The Borrower argues that the Note requires that a default letter be mailed to the borrower and that under New York law, notice is a "condition precedent" to the commencement of a foreclosure action. Each argument is misplaced.

New York law does not require notice in a *commercial* mortgage foreclosure action. *See 366 Realty LLC*, 2021 WL 9494173, at *4 n.6 ("The Property is a multi-unit apartment building . . .[and] not a home loan subject to statutory protection.") (citing *Citibank, N.A. v. Crick*, 110 N.Y.S.3d 720, 722 (2d Dep't 2019)). Moreover, contrary to the Borrower's contention, the Note does not contain a notice requirement. Section 5(e), the acceleration clause, states that if the borrower continues to be in default, the unpaid principal, accrued interest, prepayment charge, and all other amounts payable will immediately become due

---

[5] The Lender objected to Borrower's requests because it had "already produced all documents necessary and relevant to standing" and viewed these requests as "overly broad in seeking information not relevant to the Receiver Motion and not necessary for the prosecution or defense of any claims in this action." ECF 30.

and payable "*without any Notice to Borrower* (unless applicable law requires Notice)." Section 10 of the Note explicitly waives notice. Accordingly, for a commercial loan, where "the mortgages and notes did not obligate the plaintiff to provide the defendant with any notice of default," the notice defense fails. *Emigrant Funding Corp. v. Agard*, 995 N.Y.S.2d 154, 156 (2d Dep't 2014) (rejecting notice defense).

Setting aside the lack of contractual or statutory notice requirement, the Borrower *has already admitted* in its Answer that the Lender "notified Borrower of its default under the Loan Documents." *See* Comp. ¶ 36; Answer, ¶ 1 ("Admit the allegations set forth in paragraphs . . . 34-36"). Even now, the Borrower does not deny that it received the default letter; rather, it argues that the Lender "failed to establish that the letter was mailed." The Borrower's meritless quibbling fails.

### 3. *The Guarantor*

The Lender also establishes entitlement to summary judgment against the Guarantor. To meet its prima facie burden, "the plaintiff must prove (1) the existence of the guaranty, (2) the underlying debt, and (3) guarantor's failure to perform under the guaranty." *Talos Cap. Designated Activity Co. v. 257 Church Holdings LLC*, 137 N.Y.S.3d 678 (N.Y. Sup. Ct.), *judgment entered*, (N.Y. Sup. Ct. 2021). There is no disputed issue of material fact that the Guarantor executed

the Guaranty and has failed to perform. The Guarantor raises no triable issue of fact to preclude liability.

### B. The Default Motion Against City Defendants

The Court grants the Lender's motion for default judgment against City Defendants, whom the Lender named because each may have an interest in the property as a judgment creditor, and the Lender believes its interest as the holder of the Note and mortgage is superior. The Clerk of the Court entered default against City Defendants on September 15, 2023, because of their failure to appear.

Under Federal Rule of Civil Procedure 55(b), default judgment should be entered if the defendant "has failed to plead or otherwise defend an action," and courts "regularly enter default judgment in foreclosure actions against defendants with 'nominal interests' in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest," including DOF and ECB. *CIT Bank, N.A. v. Tineo*, No. 17-CV-5119, 2019 WL 6828360, at *5 (E.D.N.Y. Dec. 13, 2019) (internal quotations omitted). The Court is satisfied that the Lender provided well-pleaded allegations of nominal liability in its Complaint and substantiated proper service. City Defendants have failed to appear, and the pleadings and record evidence establish a right to default judgment. Accordingly, the Court grants the Lender default judgment against the City Defendants,

9

extinguishing their rights in the subject property.

### C. The Borrower's Counterclaim

Because the Borrower is unsuccessful in its defenses, the Court dismisses its counterclaim under N.Y. Real Prop. Law § 282, which provides legal fees and expenses to certain parties that successfully defend a mortgage foreclosure action. *See Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA)(CLP), 2015 WL 13741871, at *7 (E.D.N.Y. Sept. 22, 2015) (dismissing counterclaim).

### D. Appointment of Referee and Attorneys' Fees and Costs

Finally, the Court grants the Lender's request for appointment of a referee to compute the amount owed to it. Because the Court has granted summary judgment to the Lender based on an undisputed showing of default on the mortgage, the Court may appoint a referee "to ascertain and compute the amount due to plaintiff under the Note and Mortgage." *U.S. Bank Tr., N.A. v. Dingman*, No. 16-CV-1384 (CS), 2016 WL 6902480, at *3 (S.D.N.Y. Nov. 22, 2016). As the Lender is entitled to attorneys' fees and cost under Section 9 of the Note, the referee shall include the Lender's attorneys' fees and costs in its computation. *See CIT Bank, N.A. v. Ekpo*, No. 17CV00787DLIRML, 2019 WL 4861144, at *4 (E.D.N.Y. Sept. 30, 2019) (ordering referee to calculate attorneys' fees and costs).

## III. CONCLUSION

For the foregoing reasons, the Lender's motion is granted, and the Court enters an order of summary judgment against Borrower and Guarantor and default judgment against City Defendants. The Borrower's counterclaim is dismissed. Magistrate Judge Pollack has already appointed a receiver, and the Court grants the Lender's request for appointment of a referee to compute the costs, including attorneys' fees, owed to it. The Court remands the appointment of the referee to Magistrate Judge Pollak.

**SO ORDERED.**

    /S/ Frederic Block    
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 3, 2024

11